Matter of Evans v White (2019 NY Slip Op 04696)





Matter of Evans v White


2019 NY Slip Op 04696


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-08940
 (Docket No. F-2538-17/17A)

[*1]In the Matter of Gerard C. Evans, appellant,
v
Blanca White, respondent.


Gerard C. Evans, Newburgh, NY, appellant pro se.
Blanca White, Newburgh, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated June 26, 2018. The order denied the father's objections to an order of the same court (Barbara O. Afriyie, S.M.) dated March 20, 2018, which, after a hearing, dismissed his petition for a downward modification of his child support obligation.
ORDERED that the order dated June 26, 2018, is affirmed, with costs.
The mother and the father were divorced in 2006, at which time the mother was awarded custody of the parties' two children. The father was directed to pay the mother $400 per month in child support. The father's child support obligation was increased to $800 per month in 2009, and to $2,400 per month in 2014.
In June 2017, the father filed a petition for a downward modification of his child support obligation, alleging that the loss of his employment constituted a substantial change in circumstances, and that his income had changed by at least 15%. After a hearing, the Support Magistrate dismissed the father's petition. The father objected to the Support Magistrate's order. The Family Court denied the father's objections, and the father appeals.
"The court may modify an order of child support . . . upon a showing of a substantial change in circumstances" or where "there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted" (Family Ct Act § 451[3][a], [b][ii]). "A parent's loss of employment may constitute a substantial change in circumstances" (Pathak v Shukla, 164 AD3d 690, 691 [internal quotation marks omitted]). "However, the proper amount of support is determined not by the parent's current economic situation, but by the parent's assets and earning capacity" (id. at 691 [internal quotation marks omitted]). "Thus, [a] party seeking a downward modification of his or her child support obligation based upon a loss of employment has the burden of demonstrating that his or her employment was terminated through no fault of his or her own, and that he or she made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (id. [internal quotation marks omitted]; see Family Ct Act § 451[3][b][ii]).
Here, the father did not establish a substantial change in circumstances, or that his income had changed by at least 15%. The father testified at the hearing, in December 2017, that he was terminated from his employment in June 2017, but that he received the remainder of his 2017 salary as severance pay. Thus, the father did not show that his income had changed (see Family Ct Act § 451[3][a], [b][ii]). In any event, even if the father had established a reduction in his income, he did not meet his burden of showing that he "was terminated through no fault of his" own and that he "made diligent attempts to secure employment commensurate with his . . . education, ability, and experience" (Pathak v Shukla, 164 AD3d at 691 [internal quotation marks omitted]; see Family Ct Act § 451[3][b][ii]). Accordingly, we agree with the Family Court's determination to deny the father's objections to the Support Magistrate's order.
The parties' remaining contentions are without merit.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court